# IN THE COURT OF APPEALS OF IOWA

No. 24-1216
Filed July 23, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**FALON TARIS KAPAYOU,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Tama County, Ian K. Thornhill, Judge.

A defendant appeals her convictions after a conditional guilty plea, challenging the district court's denial of her motion to dismiss for an alleged speedy-indictment violation. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Aaron Rogers, Assistant Attorney General, for appellee.

Considered without oral argument by Greer, P.J., and Langholz and Sandy, JJ.

**LANGHOLZ, Judge.**

Late in the evening of January 22, 2023, Falon Kapayou was driving within Meskwaki Settlement—territory of the Meskwaki Nation located near Tama. As she left the Settlement, she was pulled over by a Meskwaki Nation police officer for an expired vehicle registration. The officer noticed Kapayou smelled strongly of alcohol and asked her to perform field sobriety tests and a preliminary breath test. Kapayou refused. So the officer took her into custody, and a Meskwaki Nation criminal complaint charged her with operating while intoxicated, third offense. Kapayou had her initial appearance before the tribal court on January 23.

About nine months later, while the tribal charges were pending, two criminal complaints were filed in the Iowa District Court for Tama County, charging Kapayou with operating while intoxicated, third offense, and driving while barred—both arising from the January 22 event. Kapayou had her initial appearance before the Iowa district court on October 14.

The State promptly filed a trial information, adding an additional count and ultimately charging Kapayou with operating while intoxicated, third offense; driving while barred as a habitual offender; and driving while license revoked or denied. *See* Iowa Code §§ 321J.2, 321.561, 321J.21 (2023). In response, Kapayou moved to dismiss the charges. She argued the speedy-indictment window began running on January 23, when she was brought before the tribal court for an initial appearance for essentially the same charges. And she contended that because the State's charges were filed well beyond the forty-five-day limitation under amended Iowa Rule of Criminal Procedure 2.33(2), they should be dismissed. The

court denied the motion, reasoning that her appearance before another sovereign did not start the forty-five-day clock for any offenses charged under Iowa law.

Kapayou then entered a conditional guilty plea to all three charges, wherein she and the State agreed to preserve the denial of her motion to dismiss. The court sentenced her to three concurrent terms of incarceration—two years for the first two counts and one year for the third—with all but seven days suspended. And she now appeals, arguing she was "denied her right to a speedy indictment."

We begin by confirming our jurisdiction. Appellate courts have jurisdiction over a conditional guilty plea reserving an issue for appeal only when "entered by the court with the consent of the prosecuting attorney and the defendant or the defendant's counsel" and "when the appellate adjudication of the reserved issue is in the interest of justice." Iowa Code § 814.6(3). Here, Kapayou raised a speedy-indictment issue in her motion to dismiss, the parties below consented to reserving the denial of that motion for appeal, and "success on appeal of that issue would give [Kapayou] some relief." *State v. Scullark*, __ N.W.3d __, __, 2025 WL 1717213, at *2 (Iowa 2025). So our interest-of-justice threshold is satisfied.

But that is where our work must end. Although we may have jurisdiction over an issue within a conditional guilty plea, our ability to reach the merits is still subject to "our normal rules of error preservation." *State v. McClain*, 20 N.W.3d 488, 495 (Iowa 2025) (holding interest-of-justice jurisdiction was satisfied when party nominally appealed the reserved issues within the conditional guilty plea, but declining to reach the merits of one issue because the defendant failed to preserve error). And the arguments Kapayou made in the district court are different than those she advances on appeal.

For starters, Kapayou changes which rule she believes was violated. Kapayou argued below that the State's charges violate *amended* rule 2.33(2), asserting "the 45-day window began when she was brought in front of the tribal court and seen by a judge on January 23." *See* Iowa R. Crim. P. 2.33(2)(a). But on appeal, Kapayou abandons that approach and argues that the charges violate the *pre-amendment* rule. *See* Iowa R. Crim. P. 2.33(2)(a) (2022). The distinction between the two standards is material—different events start the clock. *State v. Harris*, 12 N.W.3d 333, 334 (Iowa 2024). While we recognize that under her same-charges theory either triggering event is outside the forty-five-day window, her appellate position ultimately rests on a distinct authority and analysis than her position below. What's more, she also injects a new claim, arguing for the first time that because she was pulled over and arrested on state land outside the Meskwaki Settlement, any initial appearance following arrest should have been before a state magistrate within twenty-four hours, rather than the tribal court.

Adding "additional ammunition" to arguments on appeal is one thing, but resting on wholly new arguments is another. *See Brodie v. Foxhoven*, __ N.W.3d __, __, 2025 WL 1477818, at *11 (Iowa 2025) (cleaned up). And, at bottom, Kapayou asks us to answer different questions than those answered by the district court—whether the charges violate a different rule and whether failure to bring her before a state magistrate within twenty-four hours of her arrest was lawful. We thus agree with the State that Kapayou has failed to preserve error for our review.

Even if we could ignore this error-preservation problem, Kapayou's appeal runs into another barrier. She cites no authority in support of her position that being arrested or appearing before one sovereign—for the offense of operating

her vehicle *within* the Settlement while intoxicated—constitutes an arrest by or initial appearance before the separate sovereign of the State of Iowa—for the discrete offense of operating her vehicle *outside* of the Settlement while intoxicated.  And we decline to supply that advocacy for her.  *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996).  So her failure to cite authority in support of her argument waives the issue too.  Iowa R. App. P. 6.903(2)(a)(8)(3).  We thus affirm the district court's denial of Kapayou's motion to dismiss and her convictions.

**AFFIRMED.**